158 September 18, 2024 No. 665

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

E. H.,
*Respondent,*

*v.*

L. F.,
*Appellant.*

Deschutes County Circuit Court
22JU00843; A183559

Bethany P. Flint, Judge.

Submitted August 7, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for respondent E. H.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

In this juvenile dependency appeal, mother appeals from a judgment changing the permanency plan for her son, E, from reunification to adoption.[1] In her sole assignment of error, she asserts that the juvenile court erred in determining that the Department of Human Services (DHS) made reasonable efforts to reunify her with E. We conclude that legally sufficient evidence supports the juvenile court's determination that DHS's efforts were reasonable and we affirm.

In the absence of *de novo* review, which is not requested or warranted in this case, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit" the permanency plan change. *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). We are "bound by the juvenile court's factual findings as to what efforts DHS has made, so long as there is any evidence in the record to support them." *Dept. of Human Services v. J. D. R.*, 312 Or App 510, 512, 493 P3d 567 (2021). Whether DHS's efforts constitute "reasonable efforts" for purposes of ORS 419B.476(2)(a) is a question of law that we review for legal error. *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 370, 473 P3d 131 (2020).

Before the court may change a plan from reunification to anything else, "DHS must prove by a preponderance of the evidence both that (1) DHS made reasonable efforts to make it possible for the child to be reunified with his or her parent, and (2) despite those efforts, the parent's progress was insufficient to make reunification possible." *Id.* at 374. For purposes of ORS 419B.476(2)(a), "reasonable efforts" are those "that focus on ameliorating the adjudicated bases for jurisdiction, and that give parents a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Dept. of Human Services v. W. M.*, 310 Or App 594, 598, 485 P3d 316 (2021) (internal quotation marks omitted).

---

[1] Father is not a party to this appeal.

DHS became involved with this family in February 2022, based on allegations of parental substance abuse, criminal activity, and lifestyle instability. E was initially placed with his father but was eventually removed and placed with his current resource parents in June 2022. In November 2022, the juvenile court took jurisdiction over E with respect to mother based on mother's substance abuse hindering her ability to safely and effectively parent E.

At the permanency hearing in January 2024, a DHS caseworker, Ortiz-Napoles, testified regarding her efforts to engage mother in services throughout the duration of the dependency case. The juvenile court found Ortiz-Napoles' testimony to be credible. Ortiz-Napoles detailed the referrals she had made for mother to substance abuse treatment services and other parenting support organizations. However, mother was frequently out of contact with DHS. Ortiz-Napoles testified that on multiple occasions, by the time mother made it to the top of service waiting lists, DHS was unable to locate mother to connect her to the service. Mother entered substance abuse treatment on at least three occasions and failed to complete treatment at least twice.[2]

Ortiz-Napoles also detailed her attempts to locate mother and stay in touch with her, including reaching out to her by phone, Facebook, and physically visiting mother's given address; attempting to contact her through family, E's resource parents, and mother's probation officer; signing up for alerts for when mother was taken into custody by law enforcement; contacting or visiting mother in jail, rehab, and in the hospital when she gave birth to E's half-sister; and initiating multiple "absent parent" searches in Oregon and Pennsylvania. On numerous occasions mother was upset that Ortiz-Napoles had been able to locate her, and she never maintained contact for very long. Eventually mother's family members stopped communicating with Ortiz-Napoles.

---

[2] DHS did not have information about whether mother completed treatment the third time she started it, as mother failed to sign a release of information to allow the facility to provide information to DHS, and she left the program without maintaining contact with DHS.

We conclude that the evidence is legally sufficient to support the juvenile court's determination that DHS's efforts were reasonable, under the totality of the circumstances. *Dept. of Human Services v. M. K.*, 257 Or App 409, 411, 306 P3d 763 (2013) (setting forth the "totality of the circumstances" standard). DHS made several referrals to substance abuse treatment and other parental support services, and diligently attempted to stay in touch with mother. Mother argues that DHS's efforts were not reasonable because only one formal referral to substance treatment was made during the time between the court taking jurisdiction over E and the permanency hearing. She argues that a parent's prior choice not to take advantage of services does not excuse DHS from continuing to offer them. She further asserts that the referrals that DHS initiated for other services, such as parenting training and support, were not aimed at the sole jurisdictional basis of mother's substance use hindering her ability to safely and effectively parent, and the reasonable efforts analysis must be made through the lens of the adjudicated bases for jurisdiction. *Dept. of Human Services v. S. M. H.*, 283 Or App 295, 305, 388 P3d 1204 (2017). "[T]he reasonable-efforts inquiry focuses on DHS's conduct, and a parent's resistance to DHS's efforts does not categorically excuse DHS from making meaningful efforts toward that parent." *Id.* at 306. However, "when a parent is unable to benefit from services or has demonstrated an unwillingness to participate in programs, DHS may reasonably stop providing those services, or decide not to provide others." *M. K.*, 257 Or App at 416-17 (compiling example cases). In determining what efforts are reasonable under the circumstances, relevant factors include "whether a parent has attempted to make appropriate changes in his or her life *** and whether parents ignored or refused to participate in plans suggested by the state." *State ex rel Dept. of Human Services v. Shugars*, 208 Or App 694, 712, 145 P3d 354 (2006) (citations and footnote omitted). An evaluation of reasonable efforts requires the court to consider "not only the burdens that the state would shoulder in providing those services, but also what benefit might reasonably be expected to flow from them." *M. K.*, 257 Or App at 416. DHS made consistent attempts to locate mother in order to offer services,

even in the face of mother's repeated refusal to engage and being upset when DHS was able to locate her. Although DHS did not submit multiple formal referrals specifically to substance abuse treatment programs, the referrals that were made must be assessed in light of mother's previous failure to complete treatment, her frequent unavailability when services were available, and her active resistance to DHS's efforts to contact her. Considering the totality of the circumstances, the juvenile court did not err in determining that DHS had engaged in reasonable efforts.

Affirmed.